## (November 5, 1973)

■ LAWRENCE M. CLARKE, an Infant, by LAWRENCE CLARKE, His Father and Natural Guardian, et al., Plaintiffs, v. CITY OF NEW YORK, Respondent. DOUGLASTON GOLF PRACTICE RANGE, INC., Appellant, and R. H. D. REALTY CORP. et al., Defendants.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses, etc., of his father, defendant Douglaston Golf Practice Range, Inc., appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County, dated November 9, 1972, as denied the branch of its motion which was to amend its answer so as to include therein a cross claim against defendant City of New York and (2) from so much of a further order of the same court dated January 24, 1973 as, upon reargument, adhered to the original decision. Appeal from order dated November 9, 1972 dismissed as academic. That order was superseded by the order dated January 24, 1973. Order dated January 24, 1973 reversed insofar as appealed from, and motion of defendant Douglaston Golf Practice Range, Inc., granted insofar as it sought to amend its answer to assert a cross claim against defendant City of New York. The amended answer must

be served within 20 days after entry of the order to be made hereon. Appellant is granted one bill of $20 costs against respondent City of New York to cover both appeals. The complaint alleges that the infant plaintiff was injured by a roller-coaster car which was situated on premises controlled and maintained by the defendants city and Douglaston. In addition, it alleges that the roller-coaster was under the control and maintenance of all the defendants. Under these circumstances, Douglaston is entitled to assert a cross claim against the city to preserve Douglaston's right to apportionment pursuant to the rule enunciated in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) should a jury verdict be returned against both these two defendants (cf. *Kelly* v. *Long Is. Light. Co.*, 31 N Y 2d 25). Under the facts herein, no prejudice is shown to any adverse party. Douglaston's answer gave the city ample notice that Douglaston denied control and maintenance of the premises and of the roller-coaster. CPLR 3025 (subd. [b]) provides that as to amendments of pleadings by leave of court "Leave shall be freely given upon such terms as may be just". As no prejudice was shown or alleged by the city, Special Term abused its discretion in denying the motion to amend as to the city. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.